IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROBERT L. ROSE,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, THE MONTANA DEPARTMENT OF CORRECTIONS(MDOC)), CLINICAL SERVICES DIVISION, CONNIE WINNER; TRISDEN KOHUT, DR. REESE, WARDEN LYNN GUYER, WARDEN KIRKEGARD, DOC DIRECTOR REGINALD MICHAEL, MDOC MEDICAL DIRECTOR LIZ RANTZ, MEMBERS OF MDOC MEDICAL REVIEW PANEL(DO'S), AND MOUNTAIN PACIFIC QUALITY HEALTH), FOUNDATION (MPQH),<br><br>  Defendants. | CV 20-00058-H-CCL<br><br><br>Order |

Plaintiff Robert L. Rose brings this civil action pursuant to 42 U.S.C. § 1983. Pending before this Court is Plaintiff's Motion for Preliminary Injunction seeking extraordinary relief. (Doc. 15.)

Mr. Rose contends that Defendants failed to protect him in the face of the COVID-19 pandemic by acting with deliberate indifference and that their actions constitute cruel and unusual punishment in violation of the Eighth Amendment. See, (Doc. 16 at 2-3.) In support of his claim, Mr. Rose asserts Montana State Prison ("MSP") officials failed to take precautions to prevent COVID-19 exposure

1

and then failed to provide proper treatment after exposure. Rose points to the fact that MSP officials continue to deny him life-saving Hepatitis-C treatment, leaving him even more vulnerable to potential negative consequences from his COVID-19 infection. *Id.* at 5-6.

Defendants dispute the allegation of deliberate indifference. To the contrary, they contend that prison officials successfully kept COVID-19 out of MSP until October of 2020. Defendants maintain they implemented a COVID-19 response that was informed by guidance from the Center for Disease Control, the Montana Department of Health and Human Service, and the Montana Department of Corrections medical staff. See generally, (Doc. 24.) Defendants assert the spread of COVID-19 was abated and controlled and as of December 9, 2020, there are only 6 active cases at MSP. *Id.* at 7.

While the concerns advanced by Mr. Rose are legitimate, the question pending before this Court is whether the Defendants acted with indifference to the COVID-19 threat and whether Mr. Rose faces irreparable injury. A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for an injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313,

1319–20 (9th Cir. 1994).

Based upon the record before it, the Court finds extraordinary relief is not warranted. Mr. Rose has not met his burden of persuasion and has not demonstrated that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of such an order, that the balance of equities tip in his favor, or that an injunction is in the public interest. See, *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Mr. Rose's motion for preliminary injunction will be denied, but the case will remain pending. Defendants will have 20 days in which to file an Answer.

Based upon the foregoing, the Court issues the following:

## ORDER

1. The Motion for Preliminary Injunction (Doc. 15) is DENIED.

2. Defendants shall have 20 days within which to file an Answer to the Complaint.

3. At all times during the pendency of this action, Mr. Rose must immediately advise the Court and opposing counsel of any change of address and its effective date.

DATED this 14th day of December, 2020.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE