IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROBERT L. ROSE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF MONTANA, THE MONTANA DEPARTMENT OF CORRECTIONS(MDOC)), CLINICAL SERVICES DIVISION, CONNIE WINNER; TRISDEN KOHUT, DR. REESE, WARDEN LYNN GUYER, WARDEN KIRKEGARD, DOC DIRECTOR REGINALD MICHAEL, MDOC MEDICAL DIRECTOR LIZ RANTZ, MEMBERS OF MDOC MEDICAL REVIEW PANEL(DO'S), AND MOUNTAIN PACIFIC QUALITY HEALTH), FOUNDATION (MPQH),<br><br>　　　　Defendants. | CV 20-00058-H-BMM-KLD<br><br><br>SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On August 9, 2021, this Court entered Findings and Recommendations. (Doc. 45.)  It was recommended that Rose be given an opportunity to amend his first claim, a deliberate indifference claim related to his Hepatitis C ("HCV") treatment, and that the remaining four claims be dismissed.  *Id*.

Mr. Rose then obtained two extensions of time within which to file his objections to the Findings and Recommendations.  See, (Docs. 47 & 50.)  On October 14, 2021, Mr. Rose filed his objection to the Findings and

1

Recommendation. (Doc. 52.)

Mr. Rose simultaneously filed a Motion for Protective order asking this Court to intervene and issue a temporary restraining order prohibiting Montana State Prison Officials from "further harm." See, (Doc. 51 at 3.) Mr. Rose explained he had been accused of encouraging a prison work stoppage and was subject to disciplinary proceedings. *Id*. at 1. Mr. Rose posits, in part, that these disciplinary proceedings were initiated in response to his involvement in the present civil rights action and were an effort to "silence" him. *Id*. at 2.

Defendants object to Mr. Rose's request for a protective order/preliminary injunction. See generally, (Doc. 55.) Defendants assert Mr. Rose's request essentially prohibits MSP from enforcing its inmate code of conduct during the pendency of this matter and is wholly unrelated to his deliberate indifference claim. *Id*. at 2, 4. Further, Defendants argue Mr. Rose has not met his burden under the relevant legal standards. *Id*. Defendants believe injunctive relief would interfere in MSP's ongoing institutional operations. *Id*. at 4. Finally, Defendants assert that Mr. Rose may be trying to raise a supplemental First Amendment retaliation claim under the guise of a TRO and emphasize that this Court previously admonished Mr. Rose that it would no longer accept claims presented in "a piecemeal fashion." *Id*. at 4-5 (citing, Doc. 14 at 7.)

"A preliminary injunction is an extraordinary remedy never awarded as of

right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks

3

omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

The function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988). As such, there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party").

The Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the

> principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Based upon the record, extraordinary relief is not warranted. The Court agrees with Defendants that Mr. Rose's request does not relate to the merits of his deliberate indifference claim, but rather is a request for this Court to enter into the day-to-day operations of the Montana State Prison. Such relief does not comply with the applicable provisions of the PLRA. This Court is not inclined to interfere with prison operations and/or disciplinary proceedings. Such interference would not have the effect of preserving the status quo, but rather would upset it, and does not survive heightened scrutiny. Additionally, Mr. Rose may not use these proceeding to inject a new retaliation claim.

Moreover, as set forth above, this Court previously recommended that the bulk of Mr. Rose's claims be dismissed and that he be provided a final opportunity to attempt to amend Claim 1. Thus, Mr. Rose has not demonstrated a clear showing that he is likely to succeed on the merits. See, *Winter*, 555 U.S. at 20. While the Court understands Mr. Rose believes he is suffering harm as a result of ongoing disciplinary action against him, such action is not directly connected to this case and he has failed to demonstrate irreparable harm in the instant proceedings. *Id*. Mr. Rose has been provided adequate time to file his objections and corresponding motions. Finally, there is no indication that the equities tip in

5

Mr. Rose's favor or that an injunction is in the public interest. *Id.* The motion for protection order/preliminary injunction should be denied.

Based on the foregoing, the Court enters the following:

### SUPPLEMENTAL RECOMMENDATION

Mr. Rose's Motion for Protective Order (Doc. 51) should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of November, 2021.

> */s/ Kathleen L. DeSoto*
> Kathleen L. DeSoto
> United States Magistrate Judge