IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROBERT L. ROSE,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, THE MONTANA DEPARTMENT OF CORRECTIONS(MDOC)), CLINICAL SERVICES DIVISION, CONNIE WINNER; TRISDEN KOHUT, DR. REESE, WARDEN LYNN GUYER, WARDEN KIRKEGARD, DOC DIRECTOR REGINALD MICHAEL, MDOC MEDICAL DIRECTOR LIZ RANTZ, MEMBERS OF MDOC MEDICAL REVIEW PANEL(DO'S), AND MOUNTAIN PACIFIC QUALITY HEALTH), FOUNDATION (MPQH)<br><br>        Defendants. | CV 20-58-H-BMM-KLD<br><br><br>ORDER |

    United States Magistrate Judge Kathleen L DeSoto entered her Findings and Recommendations in this case on August 9, 2021 (Doc. 45). Judge DeSoto recommended that the Court should grant, in part, Defendants' motion to dismiss (Doc. 29). Judge Desoto recommended as follows: (1) Claims 2, 3, and 5 should be DISMISSED WITH PREJUDICE; (2) Claim 4 should be DISMISSED WITHOUT PREJUDICE; and (3) Plaintiff Robert L. Rose ("Rose") should be granted leave to amend Claim 1. (Doc. 45 at 18).

-1-

Rose filed an objection to the Findings and Recommendations. (Doc. 52). The Court reviews *de novo* those findings and recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the complaint, however, the Court reviews for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). (See Doc. 4). The Court also reviews for clear error the portion of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court reviewed Judge DeSoto's Findings and Recommendations and adopts them in full for the reasons discussed below.

## BACKGROUND

Rose, a pro se prisoner at Montana State Prison, has been diagnosed with Hepatitis C Virus ("HCV"). Rose alleged the following five claims: (1) Defendants had been deliberately indifferent to his serious medical needs by not providing direct acting anti-viral ("DAA") medications to treat his HCV; (2) Defendants violated the Americans with Disabilities Act ("ADA") by not providing DAA medication to treat his HCV; (3) Defendants violated the Rehabilitation Act ("RA") by not providing DAA to treat his HCV; (4) pendant state law tort claims for public and private

-2-

nuisance; and, (5) Defendants' response to the COVID-19 pandemic had been deliberately indifferent and created a substantial risk of harm to Rose in violation of the Eighth Amendment. (Doc. 2 at 23-29; Doc. 10). Defendants filed a Motion to Dismiss for Failure to State a Claim and brief in support. (Docs. 29 & 30).

## ANALYSIS

To decide a motion to dismiss, the Court must accept all factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-4 (2007); *Hosp. Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976). The Court must construe the alleged facts in the light most favorable to the plaintiff. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994) (per curiam). It is the plaintiff's obligation to "provide the grounds of his entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted). The plaintiff's burden "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A claim to relief must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

"[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v.*

*Riverside Healthcare Sys.*, 534 F. 3d 1116, 1121 (9th Cir. 2008) (citations omitted). Judge DeSoto properly recommended a partial dismissal of Rose's complaint for the reasons discussed below.

### I. Claim 1: Deliberate indifference for failure provide DAA medications to treat HCV

Judge DeSoto began her analysis by determining that the State of Montana, the Montana Department of Corrections, the Clinical Services Division, and the Montana Department of Corrections are entitled to Eleventh Amendment immunity from suit in federal court and do not constitute persons under 42 U.S.C. § 1983. (Doc. 45 at 9-10). The Court agrees with Judge DeSoto's findings. It is well settled law that that the Eleventh Amendment to the United States Constitution bars suit in federal court against a state and state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See, e.g.*, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Rose cannot proceed with his claims against these state entities in federal court.

Judge Desoto recommended that Rose's complaint, while inadequately pled as submitted, could be amended to assert a proper claim for relief against the individual defendants. (Doc. 45 at 10-12). The Court agrees with Judge DeSoto's findings. The Court emphasizes that, at this juncture, Rose has alleged insufficient

facts to support a § 1983 claim for deliberate indifference. "An inmate challenging a denial of treatment must [show] that the denial 'was medically unacceptable under the circumstances,' and made 'in conscious disregard of an excessive risk to [the inmate]'s health. *Rosati v. Igbinoso*, 791 F. 3d 1037, 1039 (9th Cir. 2015). The Court will provide Rose an opportunity, however, to amend his complaint relative to this claim against the individual defendants.

## II. Claims 2 & 3: Violations of the ADA and the RA by failing to provide DAA medication to treat HCV

Judge DeSoto recommended the Court dismiss Claims 2 and 3, because Rose's complaint failed to assert discrimination based on his HCV status. (Doc. 45 at 14-15.) The Court agrees with Judge DeSoto's analysis. To assert a claim under either the ADA or RA, a plaintiff must allege some form of discrimination. "The ADA and Rehabilitation Act afford disabled persons legal rights regarding access to programs and activities enjoyed by all, but do not provide them with a general federal cause of action for challenging the medical treatment of their underlying disabilities." *Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) (*quoting Galvin v. Cook*, 2000 WL 1520231, at *6 (D. Or. 2000)). As Judge DeSoto concluded, Rose's underlying claim involves a denial of care. An alleged denial of medical treatment for a disability does not qualify as discrimination because of that disability. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010). Rose's ADA and RA claims must be dismissed.

### III.   Claim 4: Pendant state law tort claims for public and private nuisance

Judge Desoto determined that Rose's state law tort claims stood factually distinct from Rose's federal claims and recommended that this Court could not exercise jurisdiction. (Doc. 45 at 15-17). The Court agrees with Judge Desoto's findings. For this Court to exercise supplemental jurisdiction over Rose's state law tort claims, the state claims must arise from 'common nucleus of operative fact' with Rose's federal claims. *See Bahrampour v. Lampert*, 356 F. 3d 969, 978 (9th Cir. 2004). Rose's federal claim arises from a denial of medical care related to his HCV status. The state law claims arise, however, from building and plumbing regulations and alleged overcrowding. Those claims are factually distinct, and do not arise from a common nucleus of operative fact. The Court cannot exercise supplemental jurisdiction over Claim 4 and will dismiss this claim without prejudice.

### Claim 5: Deliberate indifference in response to the COVID-19 pandemic

Judge DeSoto recommended the Court dismiss Claim 5 given that Rose failed to respond to the Defendant's argument in the motion to dismiss related to the claim. (Doc. 45 at 17-18). The Court agrees with Judge DeSoto's finding that Rose's failure to respond constitutes a concession.

**IT IS THUS ORDERED** that Judge DeSoto's Findings and Recommendations (Doc. 45) are **ADOPTED IN FULL**.

1. Rose may amend his complaint with respect to Claim 1 (Doc. 2).

2. Claims 2, 3 and 5 (Doc. 2 & 10) are **DISMISSED WITH PREJUDICE**.

3. Claim 4 (Doc. 2) is **DISMISSED WITHOUT PREJUDICE.**

4. The State of Montana, the Montana Department of Corrections, the Clinical Services Division, and the Montana Department of Corrections Medical Review Panel are dismissed.

DATED this 14th day of December, 2021.

/s/ Brian Morris

Brian Morris, Chief District Judge
United States District Court